# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6092 | **DATE** | 12/9/02 |
| **CASE TITLE** | Open Text, Inc. Vs. Fred R. Ackerman, Jr. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants plaintiff's motion to remand (7-1). The case is remanded to the Circuit Court of Lake County, Illinois pursuant to 28 U.S.C. §1447 (c). Defendant's motion to dismiss (5-1) is denied as moot. Open Text is directed to submit a fee petition on or before 12/13/02, and defendants are directed to respond by 12/20/02. No reply will be accepted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 16 | |
| | Notified counsel by telephone. | date docketed | 11 |
| ✓ | Docketing to mail notices. | CDY | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OPEN TEXT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 6092 |
| ) | |
| FRED R. ACKERMAN, JR., ) | |
| HUMMINGBIRD U.S.A., INC., ) | |
| and HUMMINGBIRD, LTD., ) | |
| ) | DEC 16 2002 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Open Text, Inc. filed suit in state court against defendants Fred Ackerman Jr., Hummingbird USA, Inc., and Hummingbird Ltd. seeking an injunction against alleged contractual breaches by Ackerman and unspecified damages from all three defendants. Open Text alleged that Ackerman, a highly compensated former employee, was subject to a written agreement precluding him from working for a competitor for two years after the termination of his employment and from disclosing any of Open Text's trade secrets. It alleged that Ackerman had resigned his employment in January 2002 and had taken a job with Hummingbird USA, Inc., a competitor of Open Text owned by Hummingbird Ltd., a Canadian corporation. According to Open Text's complaint, Ackerman's acceptance of a job with Hummingbird constituted a breach of his non-competition agreement. Open Text also alleged "on information and belief" that Ackerman had disclosed Open Text's confidential business information to Hummingbird. Open Text sued Ackerman for breach of contract, the Hummingbird defendants for tortious

interference with contract, and all of the defendants for improper disclosure and use of trade secrets. In its complaint, Open Text asked for an injunction barring Ackerman from working for Hummingbird, an injunction barring all defendants from using Open Text's trade secrets, and an award of an unspecified amount of "damages to be proven at trial."

Defendants removed the case to this Court based on diversity of citizenship. Open Text has moved to remand the case to state court. It is undisputed that the parties are of diverse citizenship. The issue is whether the jurisdiction amount-in-controversy requirement has been met. For the reasons set forth below, the Court holds that the requirement has not been met and therefore grants Open Text's motion to remand.

## Discussion

As Open Text's Vice President of Sales for North America, Ackerman earned approximately $325,000 per year, plus benefits and stock options. Defendants' removal papers assert that Ackerman receives compensation "substantially in excess of $75,000 per year" at Hummingbird. Notice of Removal, ¶3(b). The sole theory on which defendants contend that the amount-in-controversy requirement is met is that if Ackerman is enjoined from working for Hummingbird or other competitors of Open Text, this "might bar ... Ackerman from continuing his current employment," *id.*, which in turn might result in a loss of more than $75,000 in compensation.

A party removing a case to federal court based on diversity of citizenship must establish a "reasonable probability" that the amount in controversy exceeds $75,000 exclusive of interest and costs. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendants "have the burden of establishing federal jurisdiction when they seek to remove a case

from state to federal court, and so they must present *evidence* of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt," *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997) (emphasis in original), which occurs when the plaintiff's complaint, as in this case, does not seek damages exceeding $75,000 and does not include "facts from which such stakes can readily be inferred." *Id.* at 608.

Defendants do not argue that Open Text's recoverable damages reasonably might exceed $75,000, and they took no steps when the case was pending in state court to ascertain the value that Open Text places on the damage claim – the procedure counseled by Northern District of Illinois Local Rule 81.2. Rather, defendants rely exclusively on the purported value of Open Text's injunctive relief claim. In this Circuit, when a plaintiff requests an injunction, the amount in controversy may be measured by either the benefit to the plaintiff from an injunction or the burden on the defendant of complying with the requested injunction. *See, e.g., BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002).[1] Defendants do not argue that Open Text would benefit in an amount exceeding $75,000 if it obtained an injunction; rather, they assert only that an injunction would cost Ackerman more than $75,000.

According to defendants, if Ackerman were enjoined from continuing his employment with Hummingbird or any other competitor, he would lose more than $75,000 in salary. But an injunction barring Ackerman from working for Hummingbird or other competitors of Open Text

---

[1] The Supreme Court recently heard argument in a case that presents the issue whether it is appropriate to examine the cost to the defendant of complying with an injunction in order to satisfy the amount-in-controversy requirement. *Ford Motor Co. v. McCauley*, 264 F.3d 952 (9th Cir. 2001), *cert. granted*, 122 S.Ct. 1063 (2002). The outcome of that case will not affect the result here, for we conclude that defendants have failed to satisfy the requirement even under the challenged standard.

3

would not necessarily cost him anything at all (it would depend on his ability to obtain other employment following an injunction), and it is by no means obvious that it would cost him more than $75,000. And defendants have provided the Court with nothing to support the contention that Ackerman would be out more than $75,000. Even though Ackerman and Hummingbird presumably know how much Ackerman earns, they have not disclosed this information, stating only that he makes "substantially" more than $75,000 per year – an adjective whose meaning is entirely in the eye of the beholder. The actual amount is significant: if Ackerman makes $75,001 per year, he would have to be out of work an entire year for an injunction to cost him more than $75,000; if he makes $75,001 per month, it would take only one month. But defendants have left the actual impact of the injunction on Ackerman almost completely to the imagination.

In sum, it is entirely speculative that Ackerman would be out of work long enough to deprive him of more than $75,000 of anticipated income from Hummingbird. Such speculation does not satisfy defendants' burden of establishing a reasonable probability that at least $75,000 is in controversy in this case. It is conceivable that the case might become removable in the future if defendants can establish, through the mechanism contemplated by Local Rule 81.2 or some other means, that at least $75,000 is in controversy by reason of Open Text's claim. But they have not yet done so.

Open Text's motion to remand includes a request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require the payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." The removal effort in this case was somewhat half-hearted. Defendants failed to

4

follow basic procedural steps that would have enabled them to quantify the amount in controversy from Open Text's perspective (*see* Local Rule 81.2), and they failed to provide the Court with information in their own possession that might have justified removal based on the cost of an injunction to Ackerman. For these reasons, the Court exercises its discretion under §1447(c) to award Open Text its reasonable attorney's fees and expenses connected with the filing of his motion to remand and reply memorandum. *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1998) (purpose of §1447(c) is to provide "a fair allocation of all the costs of defending against an improper removal"; a showing of bad faith is not required).

## Conclusion

For these reasons, the Court grants plaintiff's motion to remand [docket item 7-1]. The case is remanded to the Circuit Court of Lake County, Illinois pursuant to 28 U.S.C. §1447(c). Defendants' motion to dismiss [docket item 5-1] is denied as moot. Open Text is directed to submit a fee petition on or before December 13, 2002, and defendants are directed to respond by December 20, 2002. No reply will be accepted.

MATTHEW F. KENNELLY
United States District Judge

Date: December 9, 2002